**FILED**
JAMES J. VILT, JR. - CLERK

JUN 0 9 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                                                    CRIMINAL NO. 1:22CR-45-GNS

CARL PULEO                                                         DEFENDANT

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, Carl Puleo, and his attorney, Dwight Burton, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case with violation of 18 U.S.C. §§ 2252A(a)(2)(A), (a)(5)(B), (b)(1), and (b)(2). Defendant further acknowledges that the Indictment in this case seeks forfeiture, pursuant to 18 U.S.C. § 2253(a)(3), all of the right, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property (including but not limited to all digital devices seized in connection with the child exploitation investigation), and any visual depiction which was produced, transported, mailed, shipped and received as a result of committing the offenses charged in Counts 1-3.

2.      Defendant has read the charges against him contained in the Indictment, and the charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to the charges set out in the Indictment in this case. Defendant will plead guilty because he is in fact guilty of the charges.

The parties agree to the following factual basis for this plea:

On or about and between September 8, 2022, and November 12, 2022, **Puleo** used a peer-to-peer client on the BitTorrent network to make child pornography materials available to others for download. During that timeframe, a federal law enforcement official located in Bowling Green, Kentucky, conducted single-source downloads from an IP address later confirmed to be used by **Puleo**. The agent downloaded files containing child pornography from **Puleo**. For example, on September 8, 2022, the law enforcement officials downloaded a segment file: 0:02:00 (two minutes) in length, that showed a prepubescent female approximately 8 to 12 years of age. The female child is sitting with her legs spread and is clothed from the waist up and has a stocking on one leg just above the knee. The female child is not wearing clothing at her waist or pelvic area, thus exposing her vagina. During the video an adult is seen utilizing a dildo to stimulate the female child's vagina.

The next day, the agent downloaded another video file. It was 00:01:51 in length and shows a female child approximately 5 to 9 years of age. The female child is lying on her back and is wearing a white shirt with a towel over the shirt. An adult male is shown in the video masturbating. The adult male ejaculates into the mouth of the female child.

The agent submitted both videos to the National Center for Missing and Exploited Children (NCMEC) for comparison to the known hash identification database. One of the videos matched the hash value of one depicting a known child.

On November 14, 2022, the agent, again using a computer located in Bowling Green, Kentucky, connected to the Internet and conducted single-source downloads from **Puleo**. The session started on November 14, 2022, at 11:51:49CDT (17:51:49GMT) and reoccurred on several occasions over the same day and into November 15, 2022, with the single-source downloads completing on November 15, 2022, at 12:58:37CDT (18:58:37GMT). Over that time, the agent successfully downloaded 218 images and 1 video from **Puleo**. The following is a sample of the files received:

    a. An image file depicting a prepubescent female child approximately 4 to 8 years of age lying nude on a table. The child is bound by rope to the table to include rope restraints on the child's wrists, ankles, and just below the knees. The child is bound with her legs on each side of her body, feet up above her and her vagina is exposed.

    b. An image file depicting a female child approximately 4 to 7 years of age with a visible sleeveless covering (shirt or bathing suit) on her chest. The child is straddling an adult male that is naked in the image. The adult male has an erect penis that is beside the child's mouth and there is ejaculate at the base of the penis, along the shaft of the penis and on the child's lips and chin.

    c. A video file 0:01:41 in length. The video shows a prepubescent female child approximately 3 to 7 years of age that is being vaginally penetrated by an adult male penis.

On December 5, 2022, at approximately 6:45 a.m., law enforcement officials executed a federal search warrant at **Puleo's** residence in Park City, Kentucky, 42160. While executing the search warrant agents found **Puleo's** cell phone in his office. The phone was found to be

actively downloading on the uTorrent (an application that was installed on the device).  An on-scene preview of the uTorrent was conducted, and it was discovered that the phone was actively seeding (downloading) a file.  The file was a video file, approximately 0:15:27 in length, of an adolescent female approximately 11 to 15 years of age.  The female had some breast development and no visible pubic hair.  During the video the female adolescent undressed to show her vagina and later was using her fingers to rub and spread her vagina.  Later examination of **Puleo's** phone revealed his possession of additional images of child pornography – received on dates prior to December 5, 2022.

While the search warrant was being conducted, law enforcement officials interviewed **Puleo**.   They advised **Puleo** of his *Miranda* rights. **Puleo** stated he understood the rights and waived them.  During the interview, **Puleo** stated that he had installed uTorrent on his phone and had been receiving movies and pornography on the uTorrent.  He admitted he had received child pornography on the uTorrent, and that he would view the child pornography and then delete it.  **Puleo** stated that he started viewing child pornography approximately eight months prior to the interview and that he would search the uTorrent for pre-teen and teen material. He also stated that he knew distributing and receiving child pornography was illegal and that possessing child pornography was wrong but claimed it was not necessarily illegal.

4.      Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of five years, a combined maximum term of imprisonment of 50 years, a combined maximum fine of $750,000.00, and supervised release of at least five years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.  Defendant understands that as a result of the charge to which he will plead guilty he will be ordered to forfeit the items set out in numbered paragraph 1, above.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty.  In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal

law.  Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status.  Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other

4

evidence in his own behalf.  If the witnesses for defendant would not appear
voluntarily, he could require their attendance through the subpoena power of the
Court.

        C.     At a trial, defendant would have a privilege against self-
incrimination and he could decline to testify, without any inference of guilt being
drawn from his refusal to testify.  If defendant desired to do so, he could testify in
his own behalf.

8.     Defendant understands that the United States Attorney's Office has an obligation
to fully apprise the District Court and the United States Probation Office of all facts pertinent to
the sentencing process, and to respond to all legal or factual inquiries that might arise either
before, during, or after sentencing.  Defendant admits all acts and essential elements of the
indictment counts to which he pleads guilty.

9.     Defendant agrees that the amount of restitution ordered by the Court shall include
Defendant's total offense conduct, and is not limited to the counts of conviction.  Defendant
acknowledges that the crimes to which he is pleading guilty is covered by the mandatory
restitution provisions set out in 18 U.S.C. § 2259.  Requests for restitution have been received
and forwarded to defense counsel. If the parties cannot reach an agreement, the matter will be
presented to the Court for determination at sentencing.

      Defendant agrees that not later than 45 days from entry of the Plea Agreement, Defendant
shall provide to the United States, under penalty of perjury, a financial disclosure form listing all
Defendant's assets/financial interests.  Defendant authorizes the United States to run credit
bureau reports prior to sentencing, and Defendant will sign releases authorizing the United States
to obtain Defendant's financial records.  Defendant understands that these assets and financial

interests include all assets and financial interests in which Defendant has an interest, direct or indirect, whether held in Defendant's own name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since the date of the first offense, including the location of the assets and the identity of the third parties. Defendant agrees that the United States may share the contents of the reports and financial disclosures with the Court and U.S. Probation.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs.  If the Defendant has a financial advisor or accountant, Defendant agrees, at his expense, to make them available to aid the United States in determining Defendant's net worth.  Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly.  Defendant agrees to his name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). However, the Defendant may not withdraw his guilty plea because of his breach.

6

10.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $300.00 to the United States District Court Clerk's Office by the date of sentencing. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.  All financial matters will be addressed at the time of sentencing.

11.     At the time of sentencing, the United States will:

- -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing, based on a determination of the defendant's ability to pay, as demonstrated in the presentence investigation report (PSR).[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-demand forfeiture of items set out in numbered paragraph 1, above.

12.  Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B.   The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C.   The Defendant knowingly and voluntarily waives the option to file a motion to have his sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G § 1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant.

13.     This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.

14.     Defendant agrees to the forfeiture of any interest he or his nominees may have in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses (including but not limited to all digital devices seized in connection with the child exploitation investigation), and any visual depiction which was produced, transported, mailed, shipped, and received as a result of committing the offenses charged in Counts 1-3.

15.     By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 14 above and to take whatever steps are necessary to pass clear title to the United States.  These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

16.     Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that

8

provide the factual basis for this Indictment.  Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

17.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed so that at sentencing the Court will have the benefit of all relevant information.

18.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies, or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

19.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

21.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

22.     The  Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

23.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

24.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

25.     The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide Indictment that includes name, residence address, and the names and addresses of any places at

which the defendant is or will be an employee or a student. The defendant understands that he

must update his registrations not later than three business days after any change of name,

residence, employment, or student status. The defendant understands that failure to comply with

these obligations subjects the defendant to prosecution for failure to register under federal law,

18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

26.    This document and the supplemental plea agreement state the complete and only

Plea Agreements between the United States Attorney for the Western District of Kentucky and

defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior

understandings, if any, whether written or oral, and cannot be modified other than in writing that

are signed by all parties or on the record in Court. No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats

been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____          6/9/2023
Jo E. Lawless                               _____
Assistant United States Attorney            Date


        I have read this Agreement and carefully reviewed every part of it with my attorney. I
fully understand it and I voluntarily agree to it.

_____          6-9-23
Carl Puleo                                  _____
Defendant                                   Date


11

 

 

 

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

6-9-23

_____          _____
Dwight Burton                                             Date
Counsel for Defendant

MAB:JEL